NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 11a0269n.06

No. 09-6208

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

**FILED**
**Apr 27, 2011**
LEONARD GREEN, Clerk

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | ON APPEAL FROM THE |
| | ) | UNITED STATES DISTRICT |
| v. | ) | COURT FOR THE EASTERN |
| | ) | DISTRICT OF TENNESSEE |
| LEKELFORD BOHANON, | ) | |
| | ) | |
| Defendant-Appellant. | ) | |
| | ) | |

BEFORE: MARTIN, SILER and ROGERS, Circuit Judges.

ROGERS, Circuit Judge. Lekelford Bohanon pled guilty to possession with intent to distribute 500 grams or more of cocaine in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B), reserving the right to challenge the district court's denial of his motion to suppress evidence seized during a warrantless search of his vehicle. Because the search was based on probable cause developed during the course of a lawful traffic stop, the motion was properly denied.

At an evidentiary hearing on a suppression motion, Tennessee narcotics agent Mike Patterson testified that he had smelled marijuana coming from inside Bohanon's Chevy Tahoe during the stop. On cross-examination, Patterson clarified that he thought the smell was "raw" marijuana, but admitted that he had previously testified in a state-court preliminary hearing that it was "burned" marijuana. The magistrate judge believed Patterson, and found that the subsequent search of the vehicle—which yielded a kilogram of cocaine—was supported by probable cause. The magistrate

judge relied in this regard on *United States v. Foster*, 376 F.3d 577, 588 (6th Cir. 2004), and *United States v. Garza*, 10 F.3d 1241, 1246 (6th Cir. 1993). The district court upheld the magistrate's credibility determination. A small quantity of "raw" marijuana was also found on Bohanon's person.

Bohanon's only argument on appeal is that it was clear error for the district court to find that Agent Patterson actually smelled marijuana inside the Tahoe. We give deference to a district court's credibility assessments in ruling on a motion to suppress. *See United States v. Smith*, 594 F.3d 530, 535 (6th Cir. 2010). The district court did not clearly err in crediting Patterson's testimony that he smelled marijuana. Patterson's testimony was not controverted at the evidentiary hearing, Bohanon has not offered evidence to suggest that Patterson's testimony was false, and some marijuana was found on Bohanon's person.

The discrepancy in Patterson's testimony ("burned" versus "raw") is not material, "for in any event, marijuana was detected as emanating from [Bohanon's] car and was ultimately discovered," and "[w]hether it was burnt or fresh-smelling marijuana does not change this." *Foster*, 376 F.3d at 584. The district court "quite appropriately[] did not believe that this discrepancy made any difference to the fact that marijuana was detected in [Bohanon's] vehicle." *Id.* at 583. Because this was a "permissible view[] of the evidence," *Anderson v. City of Bessemer City*, 470 U.S. 564, 574 (1985), the district court did not clearly err.

Affirmed.